MARKOVICH v. BUFFALO & L. E. TRACTION CO.    (No. 314–161.)

(Supreme Court, Appellate Division, Fourth Department.    July 7, 1915.)

Appeal from Trial Term, Erie County.

Action by Paul Markovich, as administrator, etc., of Eleanor Markovich, against the Buffalo & Lake Erie Traction Company. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Lyman M. Bass, of Buffalo, for appellant.

Preston M. Albro, of Buffalo, for respondent.

PER CURIAM. Judgment and order reversed, and complaint dismissed with costs, including costs of this appeal. Held, that the evidence shows affirmatively that the plaintiff's intestate was negligent as matter of law.

KRUSE, P. J., and ROBSON, J., dissent.

ROBSON, J. I do not assent to the disposition of this case about to be made. Plaintiff's intestate was struck and killed while crossing defendant's west-bound track ahead of the car she was intending to board. Defendant maintains, and operates its cars on, two parallel tracks in the street of Lackawanna known as "Ridge Road." The northerly track is for west-bound and the southerly for east-bound cars. At the point of the accident Steelawanna avenue enters Ridge Road from the south; and this street intersection was a regular stopping place for intending passengers to board defendant's cars.

The reversal of the judgment and dismissal of plaintiff's complaint about to be directed are predicated upon the conclusion that plaintiff's intestate was guilty of contributory negligence as matter of law. She certainly knew that the car which struck her was approaching on the west-bound track the crossing at which she intended to take the car, for she had been told by the witness Maenick that it was coming. There was another car approaching this street crossing, at which she then was, from the opposite direction, upon the intervening or east-bound track. To reach the point where she could board the car, she had to cross both tracks. The east-bound car was then somewhat nearer her than the west-bound. She seems to have waited for this east-bound car to pass, and then left the street corner, crossed the east-bound track, and had reached about the center of the west-bound

track, when she was struck. It is sufficiently indicated by the evidence that the east-bound car would, during some part of her journey from the street corner to the point where she was struck, shut off her view of the approaching west-bound car. She may have been also to some extent hampered by the fact that she had a small girl in her charge, whom she was leading by the hand. Though the evidence is not very satisfactory on the point, yet the testimony of the witness Maenick is such that a finding by the jury that she was attentive to her surroundings, and was mindful of and watching for the approaching car, is not without evidence warranting it. There is also some evidence that the brakes of the oncoming car were first applied, then released, and again applied before reaching the crosswalk where she was struck.

It would seem that a possible inference, which the jury might draw from this evidence, is that the intestate saw the car slowing down from the first application of the brakes, and reasonably concluded that she could cross ahead of the car in safety, as apparently she could have done, if the brakes had not been at once released. This inference is entitled to greater weight, because it is not weakened by any evidence in defendant's behalf from which a contrary inference might be drawn. Bearing in mind that defendant in this case has the burden of proving intestate's contributory negligence, I think the verdict of the jury, to the extent that it involved a determination that she was not guilty of contributory negligence, cannot be held to be against the evidence.

In view of the fact that the complaint is to be dismissed upon the ground hereinbefore stated, it would not be serviceable to consider the question whether material errors on other grounds are presented in the record.